STATE *v.* P. ROLAND DILL, known as Philamon Dill.

(*May* 19, 1930.)

RICHARDS, J., sitting.

*Charles F. Richards,* Deputy Attorney-General, for the State.
*James R. Morford* for the defendant.

Court of General Sessions for New Castle County, May Term, 1930.

RICHARDS, J., charging the jury:

Gentlemen of the Jury: The defendant in this indictment is charged with having operated a motor vehicle on the 15th day of April, of the present year, in New Castle Hundred, this county and state, at a rate of speed greater than was reasonable or proper, having regard to the width of the highway, the traffic, the use of the highway, and the intersections of streets or highways.

The indictment is based on the Motor Vehicle Laws of this State, being *chapter* 10, *Volume* 36, *of the Laws of Delaware.* Section 83 of that Statute provides as follows:

"No person shall operate a motor vehicle upon any public street or highway of the State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the street or highway, the intersection of streets or highways and weather conditions, the weight of the vehicle and the condition of its brakes, so as to have caused a collision with the person or property of another, or so as to endanger the life or limb of another.

"If the rate of speed of a motor vehicle operated on any highway within this State exceeds thirty-five miles an hour for a distance of one-quarter of a mile, or if such rate of speed exceeds twenty-five miles an hour through the thickly settled portion of any town or city where the buildings average less than one hundred feet apart, such rate of speed shall be deemed *prima facie* evidence that the person operating such motor vehicle is operating the same in violation of the provisions of this Section."

*Prima facie* evidence is evidence which standing alone is sufficient to convict the defendant of the offense with which he is charged, but such evidence is not necessarily conclusive and may not only be rebutted by contradictory evidence, but also by evidence so explaining the conditions and circumstances under which the alleged unlawful act was committed as to convince the jury that the person charged was not guilty of violating the statute in question.

In order to find the defendant guilty, you must, therefore, not only be satisfied beyond a reasonable doubt that he was operating a motor vehicle at a rate of speed in excess of thirty-five miles an hour, but you must take into consideration, in order to determine whether that was a reckless rate of speed, the width of the road where he was operating the motor vehicle, the traffic and use of said

road or highway, the intersections, the weather conditions, and the weight of the vehicle, and the probability of a collision with the person or property of another, and also the probability of endangering the life or limb of another.

It is the duty of the State to prove that the defendant was operating a motor vehicle at a reckless rate of speed on the date mentioned in the indictment, and it must prove that to your satisfaction beyond a reasonable doubt.

If there should exist in your minds a reasonable doubt as to the guilt of the defendant, he should be given the benefit of that doubt.

If you are satisfied beyond a reasonable doubt that this defendant was operating his motor vehicle recklessly, or at a rate of speed greater than is reasonable and proper at the time and place alleged in the indictment, your verdict should be guilty. If you do not so find, your verdict should be not guilty.