STATE *v.* CLAUDE HEMMINGWAY.

(*March* 17, 1931.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Reuben Satterthwaite, Jr.,* Attorney-General, and *Charles F. Richards,* Deputy Attorney-General, for the State.

*Walter J. Willis* for the defendant.

Court of Oyer and Terminer for New Castle County. No. 71, March Term, 1931.

PENNEWILL, C. J., in charging the jury, quoted *section* 209 of the *Motor Vehicle Law* of this State, *chapter* 10, *vol.* 33, *Laws of Delaware*. He then defined manslaughter and stated the difference between voluntary and involuntary manslaughter as in *State v. Di Salvo*, 2 *W. W. Harr.* (32 *Del.*) 233, 235, 121 *A.* 661. In this connection he further stated:

"So you can understand what the State means by the charge that the defendant is guilty of involuntary manslaughter because he killed Jennie Queen in committing the unlawful act of running his car at a greater rate of speed than the law allows, or in the performance of the lawful act of running his car within the speed limit but without proper care and caution and in disregard of the safety of others.

"As we have said, the law of this State (*section* 209, *chap.* 10, *vol.* 33, *Laws of Delaware*) provides that 'If the rate of speed of a motor vehicle operated on any highway within this state exceeds the rate of thirty-five miles an hour for a distance of one-quarter of a mile, such rate of speed is deemed prima facie evidence that the person operating such motor vehicle was operating the same in violation of law.'

"This means * * * that if you believe from the evidence that the defendant in this case was, just preceding and at the time of the accident, operating his automobile at a speed exceeding thirty-five miles an hour for a distance of one-quarter of a mile, he was operating his automobile in violation of the law of this State, that is, recklessly, or at a rate of speed greater than was reasonable and proper, unless the defendant convinces you that he was not operating his automobile recklessly, or at a rate of speed greater than was reasonable and proper under the conditions existing at the time of the accident.

"As was said by this court in the case of *State v. Dill*, 4 *W. W. Harr.* (34 *Del.*) 320, 152 *A.* 424, prima facia evidence is evidence which standing alone is sufficient to convict the defendant of the offense with which he is charged, but such evidence is not necessarily conclusive and may not only be rebutted by contradictory evidence, but also by evidence so explaining the conditions

and circumstances under which the alleged unlawful act was committed as to convince the jury that the person charged was not guilty of violating the statute in question."